IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| George Stanley Branham, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C/A No. 5:11-1216-TMC |
| | ) | |
| | ) | |
| Director Peggy Spivey, | ) | **ORDER** |
| Major Murry Hudson, | ) | |
| Major Crystal Hodge, | ) | |
| and Captain Mrs. Blackmon, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff George Stanley Branham, II, ("Branham") an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.   In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a magistrate judge. On June 25, 2012, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report") recommending that Defendants' Summary Judgment Motion be granted. (Dkt. # 72).   Branham timely filed objections and Defendants filed a response to those objections. (Dkt. # 74, 76).   For the reasons below, the court adopts the Report and grants Defendants' Motion for Summary Judgment.

**Standard of Review**

**Review of Magistrate Judge's Report**

The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Magistrate Judge's Report, this court is not required to

provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

**Summary Judgment Standard**

The court shall grant a summary judgment motion, if after reviewing the pleadings, depositions, interrogatories, and affidavits, it is satisfied that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). The party moving for summary judgment bears the initial burden of pointing to the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Higgins v. Scherr*, 837 F.2d 155, 157 (4th Cir.1988). The burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *White v. Rockingham Radiologists, Ltd.*, 820 F.2d 98, 101 (4th Cir. 1987).  The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir.1991).

**Discussion**

Upon review, the court finds that most of Branham's objections are non-specific,

unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. However, the court was able to glean one specific objection.  Branham objects to the Magistrate Judge's finding that he failed to exhaust his administrative remedies. This objection is without merit.

Pursuant to 42 U.S.C. § 1997(e) (a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) (holding inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant).

To meet this burden, Defendants submitted an affidavit from the Director of Kershaw County Detention Center ("KCDC") stating there were no grievances in Branham's file regarding these two claims.  In response, Branham presented evidence in the form of declarations from two inmates stating that Branham filed several grievances regarding medical neglect and past abuse or harassment. The Magistrate Judge found the inmates' declarations vague and general and did not specifically reference the claims Branham raises in his Amended Complaint.  The Magistrate Judge concluded Branham had not exhausted his administrative remedies in regard to his claims of excessive force and deliberate indifference to his medical needs as to his kidney stones.

Branham contends the Magistrate Judge erred by deciding a question of fact

when she accepted the Defendants' affidavit from the KCDC Director.    Further, Branham contends he submitted a staff request in which he asked for copies of his grievances which he argues he would not have done if the grievances did not exist. Reviewing the evidence, the court agrees with the Magistrate Judge's analysis and conclusion that these particular claims are barred for failure to exhaust.

As noted above, in determining a motion for summary judgment, the court is to consider whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.  The Magistrate Judge correctly considered the affidavit filed by Defendants and the declarations filed by Branham. In her affidavit, the Director of the KCDC stated there were no grievances in Branham's file regarding these two claims.    In the declarations from the two inmates, the inmates merely state the Director of KCDC and her staff will not respond to Branham's grievances. As the Magistrate Judge concluded, the inmates' declarations do not provide Branham with any support that he filed grievances in regard to any particular claims.    Moreover, Branham's argument that the grievances must exist because he submitted a staff request asking for copies of his grievances does not establish anything other than Branham filed a request for copies of grievances.  As he has not provided any evidence that he filed grievances on these particular claims, the court finds that his objection is without merit and concludes, as did the Magistrate Judge, that Defendants' Motion for Summary Judgment should be granted on these claims as Plaintiff failed to exhaust his administrative remedies.

Branham's remaining arguments set forth in his objections merely restate his claims and are non-specific. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)

("Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed recommendation).  The court has reviewed the Report and finds no error.  The Magistrate Judge thoroughly reviewed all of Branham's claims and correctly applied the law and concluded that Defendants are entitled to summary judgment. Accordingly, after review, the court finds that Branham's objections are without merit.

## Conclusion

Based on the foregoing, the court adopts the Report and Recommendation and incorporates it herein. Defendants' Summary Judgement Motion (Dkt. # 61) is **GRANTED** and this action is dismissed with prejudice.

**IT IS SO ORDERED**.


s/Timothy M. Cain
United States District Judge

August 2, 2012
Anderson, South Carolina


## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.